UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**BRIEANT**

JERROD LANG, and others similarly
situated,                                   :

## 05 CIV. 9172

Plaintiffs,              **COMPLAINT**

:

-against-                              :

THE MCQUADE FOUNDATION d/b/a
MCQUADE CHILDREN'S SERVICES,            :

Defendant.                      :

:

---

Plaintiff, by his attorneys, Chamberlain, Kaufman & Jones, for his complaint, respectfully

alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs bring this action to recover unpaid overtime compensation and other relief

under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 USC §§ 201-219,

hereafter "the Act," and to recover unpaid overtime wages under Articles 6 and 19 of the New York

State Labor Law.

2.      Jurisdiction of this action is conferred upon this Court by section 16(b) of the Act,

29 USC § 216(b), and by 28 USC §§ 1331, 1337, and 1367.

3.      Venue of this action is established in this Court by section 16(b) of the Act, 29 USC

§ 216(b), and by 28 USC § 1391(b).

# THE PARTIES

4.    Plaintiff, JERROD LANG, is a resident of the State of New York, and a former employee of the defendant.   Plaintiff last worked for defendant on January 31, 2004.

5.    Pursuant to §16(b) of the Act [29 U.S.C. §216(b)], plaintiff brings this action on behalf of himself and others similarly situated.

6.    Pursuant to 29 USC §§ 216(b) and 256, plaintiff has executed and hereby files with the Court his consent in writing to become a party plaintiff in this action, which is appended hereto. Should additional plaintiffs similarly situated join this action their consents will be filed with the Court as set forth in §216(b) and 256 of the Act.

7.    Plaintiffs were employees who at all relevant times were engaged in commerce or in the production of goods for commerce and were employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by section 3(s) of the Act [29 U.S.C. § 203(s)].

8.    Plaintiffs are or were at all relevant times employees of defendant as defined by section 3(c) of the Act, 29 USC § 203(c).

9.     Defendant maintains an office and place of business within the Southern District of New York.

10.     Defendant The McQuaid Foundation d/b/a McQuade Children's Services (hereafter "The McQuade Foundation"), is an employer as defined by section 3(d) of the Act [29 U.S.C. §203(d)].

11.     Defendant The McQuaid Foundation, is an enterprise, as defined by section 3(r) of the Act [29 U.S.C. §203(r)].

12.     At all relevant times, defendant was and is an enterprise engaged in commerce or the production of goods for commerce as defined by section 3(s) of the Act, 29 USC § 203(s).

## FIRST CLAIM FOR RELIEF

13.     Under section 7 the Act, employees covered by the Act are entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek, except as otherwise provided in section 7 of the Act, 29 USC § 207.

14.     Plaintiffs were suffered and permitted to work and did work in excess of forty hours per workweek without receiving compensation for such excess hours at a rate of one and one half

times the regular rate at which plaintiff was employed.  This work includes, but is not limited to, hours worked at night and hours worked while "on call."

15.     The failure of defendant to compensate plaintiffs at one and one-half times the regular rate for such excess hours is a violation of the Act.  Such violation is redressable by plaintiffs under section 16(b) of the Act, 29 USC § 216(b).

16.     Upon information and belief, the failure of defendant to compensate plaintiffs at one and one-half times the regular rate for such excess hours was wilfull within the meaning of the Act. Therefore, plaintiffs are entitled to the unpaid overtime compensation and liquidated damages owed on this claim for the three year period immediately preceding the commencement of the action.

17.     Defendant, therefore, is liable to plaintiff in the amount of plaintiff's unpaid overtime compensation and an additional equal amount as liquidated damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

18.     The employment and work records for plaintiffs are in the possession, custody and control of the defendant, and plaintiffs are unable to state precisely at this time the exact amounts owing to them.  The defendant is under a duty imposed by 29 USC § 211(c) and the applicable regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to plaintiffs from which the amount of defendant's liability can be ascertained.

## SECOND CLAIM FOR RELIEF

(Supplemental State Law Claim)

19. Plaintiff repeats and realleges the allegations of paragraphs 1 through 18 above as if set forth in full herein.

20. Plaintiff is an employee of defendant as defined in section 651 of Article 19 of the New York State Labor Law and the applicable regulations.

21. Defendant is an employer of plaintiff as defined in section 651 of Article 19 of the New York State Labor Law and the applicable regulations.

22. Defendant paid plaintiff less than the wage to which he was entitled under Article 19 of the New York State Labor Law and the applicable regulations (12 N.Y.C.R.R. Part 142) in that plaintiff was not paid overtime at a wage rate of one and one half times plaintiff's regular rate for hours worked over 40 in each workweek.

23. Upon information and belief, the failure of defendant to pay plaintiff overtime wages at one and one half times the overtime rate was willful.

24. Pursuant to section 663 of Article 19 and section 198 of Article 6 of the New York State

Labor Law, defendant is liable to plaintiff in the amount of the unpaid overtime together with costs and reasonable attorney's fees, and an additional amount as liquidated damages equal to twenty-five percent of the total of such unpaid overtime for any period of plaintiff's employment with defendant not covered by the First Claim for Relief herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff srequest the Court to grant the following relief:

(a) judgment declaring that defendant has violated plaintiff's statutory right and entitlement to be paid overtime as required by federal and state law;

(b) an order for a complete and accurate accounting of all the compensation to which plaintiffs are entitled under the Fair Labor Standards Act and New York State Labor Law;

(c) judgment against the defendant awarding plaintiffs monetary damages on the first claim in the form of unpaid overtime compensation and an additional amount as liquidated damages equal to the unpaid overtime compensation, and post-judgment interest; on the second claim in the form of unpaid overtime compensation not awarded as part of the relief for the first claim and an additional amount as liquidated damages equal to twenty-five percent of the total of such unpaid overtime, and pre-judgment and post-judgment interest;

(d) reasonable attorney's fees; and

(e) the costs and disbursements of this action together with such other and further relief as the Court deems proper.

Dated: October 24, 2005

CHAMBERLAIN, KAUFMAN & JONES
35 Fuller Road
Albany, New York 12205

ROBERT A. JONES (RJ8400)
(518) 435-9435, 435-9102 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERROD LANG, and others similarly    :   *Jerod Lang*
                    situated,                        x

                    Plaintiffs,              :

          -against-                          :

THE MCQUADE FOUNDATION,               :

                    Defendant.               :
                                             :

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Name:    **JERROD LANG**

Address:    **Newburgh, New York**


Employer: Formerly employed by the McQuade Foundation, P.O. Box 4064, New Windsor, NY    12550


___11/18___ , 2005